County of Dunn, Plaintiff-Respondent,
v.
Ronald J. Kistner, Defendant-Appellant.
No. 04-0320.
Court of Appeals of Wisconsin.
Opinion Filed: August 3, 2004.
¶1 HOOVER, P.J.[1]
Ronald Kistner appeals a judgment of conviction for operating a motor vehicle while intoxicated and operating with a prohibited alcohol concentration, both as first offenses, as well as an order denying a motion to suppress the results of a blood test. Kistner argues that the arresting officer lacked both reasonable suspicion to conduct the traffic stop as well as probable cause to arrest him. This court rejects those arguments and affirms the judgment and order.

Background
¶2 On January 30, 2003, at approximately 12:39 a.m., Dunn County sheriff's deputy Joseph O'Connell observed Kistner's vehicle "swerving within its own lane." After observing the first lane deviation, O'Connell turned on the video camera in his squad car and followed Kistner for approximately four miles, observing several additional deviations. Kistner crossed the fog line on more than one occasion and at one point traveled on the shoulder for approximately ten seconds before jerking back into the lane, nearly crossing the centerline.
¶3 After Kistner turned off the main road, O'Connell stopped him. Although he evidently did not notice an odor of intoxicants, slurred speech, or glassy eyes, O'Connell asked if Kistner had been drinking. Kistner answered that he had. O'Connell then asked Kistner to perform two field sobriety tests, which Kistner performed poorly. O'Connell arrested Kistner for operating while intoxicated and transported him for a blood test. The test revealed a blood-alcohol concentration of .16%.
¶4 Kistner filed a motion to suppress the test results, claiming O'Connell lacked reasonable suspicion to stop him and even if there were reasonable suspicion, there was no probable cause to arrest. The court rejected both arguments, denied the motion, and Kistner was convicted. He now appeals.

Discussion
¶5 An investigative stop is technically a seizure for Fourth Amendment purposes. State v. Waldner, 206 Wis. 2d 51, 55, 556 N.W.2d 681 (1996). The constitutional validity of a search and seizure presents a question of constitutional fact. State v. Vorburger, 2002 WI 105, ¶32, 255 Wis. 2d 537, 648 N.W.2d 829. Thus, we review a circuit court's denial of the motion to suppress in two steps. Id. First, we review the court's findings of historical facts under the clearly erroneous standard[2] and second, we review the application of constitutional principles to those facts de novo. Id. The constitutional requirement for a search or seizure is that it must be reasonable. Waldner, 206 Wis. 2d at 54. What constitutes reasonableness is a common sense test, based on what a reasonable police officer would suspect in light of his or her training. Id. at 56.
¶6 The Fourth Amendment does not require that an officer, lacking probable cause for an arrest, simply shrug his or her shoulders and walk away, thus possibly allowing a crime to occur or a criminal to escape. Id. at 59. The law of investigative stops allows an officer to temporarily stop an individual when, at the time of the stop, the officer possesses "specific and articulable facts which would warrant a reasonable belief that criminal activity was afoot"that is, that the individual has committed, was committing, or was about to commit a crime. Id. at 55-56; see also WIS. STAT. § 968.24.
¶7 Kistner tries to eliminate O'Connell's reasonable suspicion by suggesting that snow-covered roads were to blame for the unsteadiness of the vehicle. However, an officer is not required to rule out innocent explanations for suspicious behavior. Waldner, 206 Wis. 2d at 60.
¶8 O'Connell had reasonable suspicion to believe Kistner had violated or was about to violate WIS. STAT. § 346.34 by committing an unsafe lane deviation or that Kistner was inattentively driving, contrary to WIS. STAT. § 346.89(1). Kistner might also have been driving too fast for conditions, contrary to WIS. STAT. § 346.57(3) if, as he implies on appeal, the snow was a factor in his failure to keep his vehicle in its lane. Given that O'Connell had specific, articulable factsweaving within the lane, multiple crossings of the fog line, and riding on the shoulderfrom which to infer illegal activity was afoot, he had reasonable suspicion to conduct an investigatory stop.
¶9 Kistner argues that even if there was reasonable suspicion, there was no probable cause to arrest him since O'Connell did not testify that he observed any odor of alcohol, glassy eyes, or slurred speech from him. Probable cause to arrest exists when, at the time of the arrest, an officer has within his or her knowledge reasonably trustworthy facts and circumstances sufficient to warrant a reasonably prudent person to believe the suspect has committed or is committing a crime. State v. Kiekhefer, 212 Wis. 2d 460, 484, 569 N.W.2d 316 (Ct. App. 1997).
¶10 Once O'Connell stopped Kistner, he inquired whether Kistner had been drinking. Kistner admitted he had. Based on that admission, O'Connell conducted at least two field sobriety tests. First, he used the walk-and-turn test. Kistner performed a few steps correctly, but stumbled on some and failed to follow the directions fully. O'Connell also conducted the one-legged stand test. Kistner had informed O'Connell he had a "bad right knee." However, O'Connell asked if Kistner would have difficulty performing the test by standing on his left leg, and Kistner responded that he could, in fact, complete the test that way. Kistner was unable to maintain his balance. Consequently, he was arrested for operating while intoxicated.
¶11 Although Kistner did not display some of the typical physical indicia of intoxication, O'Connell still had probable cause to arrest him. He had observed Kistner's erratic driving, Kistner was unable to perform two field sobriety tests, and Kistner admitted he had been drinking. These facts combined would lead a reasonable law enforcement officer to conclude Kistner was probably operating his motor vehicle while intoxicated. Because O'Connell possessed both reasonable suspicion to stop Kistner and probable cause to arrest him, the circuit court appropriately denied Kistner's motion to suppress.
By the Court.  Judgment and order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] There is no challenge to the facts as found by the court, only their legal significance.